## STEVENS vs. COON.

1. CONTRACT — LEGAL IMPOSSIBILITY.  A contract in writing was made as follows: "In consideration of A. B. entering the west half of the north-east quarter of section 35, in town. 13, range 13, I bind myself that the said eighty acres of land shall sell on or before the 1st October next for $200 or more, and the said A. B. agrees to give me one-half of the amount over $200 said land may sell for, in consideration of my warranty.  C. D."  "I agree to the above contract.  A. B."  *Held*, that the contract was void, as binding C. D. to the performance of a legal impossibility, inasmuch as he had no power to compel the sale of the land on the day named.

2. SAME.  It seems that if the contract had been that the land would be *worth* $200 by a given day, a recovery might be had upon it, if the land was not of that value on the day specified.

ERROR to the District Court for *Jefferson* County.

*Coon* brought an action of assumpsit against *Stevens* in the Jefferson county district court upon a written con

tract, by which *Stevens* bound himself that a certain eighth of a section of land which *Coon* was about to enter, should sell by a given day for $200, or more, and *Coon* agreed to give *Stevens* one-half of all the land should sell for, over $200.

On the trial in the court below, *Coon*, the plaintiff, proved the entry of the land, and introduced evidence to prove that the land, at the time specified in the contract, was worth about $1.25 per acre.

Upon this testimony, the defendant moved the court to instruct the jury as in case of a nonsuit, for the following reasons :

" 1. Because the said supposed contract was a *nudum pactum*, by which the defendant received no benefit, and the plaintiff no injury.

2. Because the supposed contract assumes to bind the defendant to perform an impossibility.

3. Because said writing discloses a gambling contract, if any."

The court overruled the motion and refused the instruction asked for, and the jury returned a verdict in favor of the plaintiff for $116.50 ; upon which the court rendered judgment.

*David Brigham*, for plaintiff in error :

1. The contract itself is a gambling contract, and against the policy of the law, and as such, a recovery cannot be had upon it. 2 Mass. 6 ; 3 Pick. 449.

2. The contract is void, because it bound *Stevens* to the performance of an impossibility. When *Coon* entered the land, no one but himself had any control over the sale of it. It is immaterial how high the land might have risen in value, if *Coon* did not choose to sell, *Stevens* had no power to compel him to do so for $200, or any greater sum. A legal impossibility is not binding on a party, even if he has entered into a contract for its performance. Coke on Lit. 206 ; Pothier on Obligations, 71 ; 2 Saund. 173, d. ; 6 Petersdorff's Ab. 218.

*Edward V. Whiton*, for defendant in error.

DUNN, C. J. Error is brought in this case to reverse a judgment of the district court of Jefferson county.

*Coon*, plaintiff below, brought his action of assumpsit against *Stevens*, defendant below, to recover damages on a liability growing out of a contract, which is in the words, etc., following, viz. :

"Astor, March 23, 1839. In consideration of *C. J. Coon* entering the west half of the north-west quarter of section 35, in town. 13, range 13, I bind myself that the said eighty acres of land shall sell, on or before the 1st October next, for two hundred dollars or more, and the said *Coon* agrees to give me one-half of the amount over two hundred dollars said land may sell for in consideration of my warranty.    HAMILTON STEVENS."

"I agree to the above contract,    C. J. COON."

At the August term of the said Jefferson county district court, in the year 1840, the said defendant *Stevens* pleaded the general issue which was joined by the said plaintiff *Coon*, and after several continuances, the case was tried at the October term, 1842. On the trial, the above contract, and the receiver's receipt to said plaintiff *Coon*, for the purchase-money for said tract of land described in said contract, were read in evidence to the jury ; and Abraham Vanderpool, a witness, testified "that he had visited that part of the country where the land lies, specified in said writing, and was upon the same, as he has no doubt, and estimated the present value of the same at $1.50 per acre, and that in October. 1839, it might be worth $1.25 an acre." Upon this evidence and testimony the plaintiff rested his case.

Under the construction put on the contract read in evidence, the jury found for the plaintiff $116.50 in damages, and judgment was entered thereon. There is manifest error in this decision of the court. From an inspection of the contract, it is obvious that it is not such an one as is obligatory on either party. There is no reciprocity of benefit, and it binds the defendant below to the

performance of a legal impossibility, so palpable to the contracting parties, that it could not have been seriously intended by the parties as obligatory on either. The undertaking of the defendant below is, "that plaintiff's tract of land shall sell for a certain sum by a given day." Is it not legally impossible for him to perform this undertaking? Certainly, no man can in legal contemplation, force the sale of another's property by a given day, or by any day, as of his own act. The plaintiff was well apprised of the deficiency of his contract on the trial, as the testimony of his witness was entirely apart from the contract sued on, and was directed in part to a different contract, and such an one as the law would have recognized. If the contract had been that the tract of land would be worth $200 by a given day, then it could have been recovered on, if it did not rise to that value in the time. 1 Comyn on Contracts, 14, 16, 18; Comyn's Dig., Title "Agreement;" 1 Pothier on Obligations, 71; 6 Petersdorf's Abridg. 218; 2 Sand. 137 (d.) The district court should not have entered judgment on the finding of the jury in this case. The construction of the contract by the district court was erroneous.

Judgment reversed with costs.